UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL FILIPPONE, on behalf of himself,
individually, and all other persons similarly situated,

                                  Plaintiff,

           -against-

ABOFF'S, INC.,

                                 Defendant.
------------------------------------------------------------------------X

Docket No.:

**CLASS ACTION**
**COMPLAINT**

*Jury Trial Demanded*

Plaintiff, Michael Filippone, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, Aboff's, Inc., alleges as follows:

## NATURE OF THE CLAIM

1. Plaintiff Filippone brings this action to recover damages for discrimination based on Plaintiff Filippone's disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act (collectively as the "ADA") and the New York State Human Rights Law, New York Executive Law § 290 *et seq.* ("NYSHRL"), and retaliation for exercising his rights under the ADA, and any other claim(s) that can be inferred from the facts set forth herein.

2. Additionally, Plaintiff Filippone brings this action on behalf of himself, individually, and similarly situated current and former employees of the Defendant who were employed as manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law § 191 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(1) as the Defendant resides within the Eastern District of New York, and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

5. Plaintiff Filippone timely cross-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation in violation of the ADA and NYSHRL under Charge Number: 520-2020-02699. Plaintiff Filippone commenced this action within ninety days of the EEOC issuing its Notice of Right to Sue.

## THE PARTIES

6. At all times relevant, Plaintiff Filippone is and was a resident of the County of Suffolk, State of New York.

7. At all times relevant, Plaintiff Filippone was a person, employee, and a qualified individual with a disability, within the meaning of the ADA and NYSHRL.

8. At all times relevant, Plaintiff is and was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

9. At all times relevant, Defendant Aboff's, Inc. ("Aboff's") is and was a domestic business corporation with a principal place of business located at 33 Gerard Street, Suite 204, Huntington, New York 11743.

10. At all times relevant herein, Defendant employed more than fifteen employees.

11. At all times relevant, Defendant Aboff's was and is an "employer" within the meaning of the ADA, NYSHRL and NYLL § 190(3).

## FACTS

12. Defendant Aboff's is a retailer of paint and painting supplies for commercial and residential properties with more than thirty stores in Nassau and Suffolk counties in New York.

13. From six years prior to the commencement of this action until the present, Defendant Aboff's employed many employees as manual workers, including, *inter alia*, drivers, store clerks, and employees involved in the transportation and shipment of goods at its numerous stores and facilities throughout New York.

14. Defendant Aboff's employed Plaintiff Filippone as an hourly paid manual worker in the position of a driver from in or about March 2017 until his termination on or about October 23, 2019.

15. From six years prior to the commencement of this action until the present, Plaintiff Filippone and other Class Members performed manual tasks during the majority of their hours worked and, therefore, Plaintiff Filippone and Class Members spent more than twenty-five percent of their hours worked each week performing such manual tasks.

16. From six years prior to the commencement of this action until the present, Defendant Aboff's subjected Plaintiff Filippone and other Class Members to the same compensation practices.

17. From six years prior to the commencement of this action until the present, Defendant Aboff's paid Plaintiff Filippone and other Class Members by check every two weeks.

18. Thus, from six years prior to the commencement of this action until the present, Defendant Aboff's failed to timely pay Plaintiff Filippone and other Class Members their wages

earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

19. Defendant Aboff's treated and paid Plaintiff Filippone and the Class Members in the same or similar manner.

20. Throughout his employment, Plaintiff Filippone was qualified for his job and performed his duties in an exemplary manner.

21. In or about April 2019, Plaintiff Filippone was diagnosed with and suffered from colon cancer. Colon cancer constitutes a disability under the ADA and NYSHRL.

22. Following his diagnosis, Plaintiff Filippone promptly notified Defendant Aboff's regarding this diagnosis and his need for medical leave in order to undergo multiple surgeries and treatment for his cancer.

23. On or about May 7, 2019, Plaintiff Filippone began his medical leave – a form of protected activity – to obtain treatment for his colon cancer.

24. Throughout his leave, Plaintiff Filippone kept Defendant Aboff's informed about the status of his disability.

25. Beginning in or about September 2019, Plaintiff Filippone repeatedly advised Defendant's General Manager of his ability to return to work and provided a return to work date.

26. In response, the General Manager, during a discussion regarding Plaintiff returning to work, criticized Plaintiff for certain absences directly related to his cancer treatment, despite the General Manager's knowledge that those absences were caused by Plaintiff Filippone's disability, and callously questioned whether Defendant Aboff's would permit Plaintiff Filippone to return to work due to those medical absences.

27. On or about October 23, 2019, Plaintiff Filippone contacted Defendant Aboff's human resources department to remind the company of his return to work date on November 4, 2019 and to confirm receipt of a medical note authorizing his return to work.

28. Approximately one hour later on that same day of October 23, 2019, Defendant Aboff's terminated Plaintiff Filippone's employment.

29. At all times relevant, Plaintiff Filippone has been and continues to be qualified to perform the duties of his former position, with or without accommodation.

30. Accordingly, it is clear that Defendant Aboff's discriminated against Plaintiff Filippone and terminated his employment due to his disability in violation of the ADA and NYSHRL.

31. Further, Defendant Aboff's retaliated against Plaintiff Filippone and terminated his employment for engaging in protected activity in the form of medical leave, in violation of the ADA.

32. Due to Defendant Aboff's discrimination and retaliation, Plaintiff Filippone has suffered damages for monetary and/or economic harm, loss of past and future income, and the loss of employment-related benefits that he would have otherwise received.

33. Due to Defendant Aboff's discrimination and retaliation, Plaintiff Filippone has suffered emotional pain and suffering, mental anguish, embarrassment and humiliation.

34. Defendant Aboff's unlawful conduct was also willful and done in conscious disregard of Plaintiff Filippone's rights under the ADA and NYSHRL, thereby justifying an award of punitive damages.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

35. Plaintiff brings his Fourth Claim for Relief under the New York Labor Law on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by Defendant from six years prior to the commencement of this action until the present as an hourly paid driver and/or manual worker, or similarly situated employees regardless of job title, in the State of New York (hereinafter referred to as the "Class" or the "Class Members").

36. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

37. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests is presently within the sole control of Defendant, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendant as covered Class Members during the six (6) years prior to the commencement of this action through the present.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant failed to timely pay Plaintiff and Class Members their wages earned on a weekly basis

and not later than seven calendar days after the end of the week in which the wages were earned; whether Defendant paid Plaintiff and Class Members on a bi-weekly basis in violation of NYLL § 191; and what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

39. Plaintiff's claim is typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff and the Class Members "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claim is typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

40. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against one or more corporate defendants.

42. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation of each Class Members' claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

43. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

44. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(DISCRIMINATION – ADA)**

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. Defendant was aware of Plaintiff's disability and/or perceived disability.

47. Based on the foregoing, Defendant discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability, in violation of the ADA.

48. As a proximate result of the discrimination described herein, Plaintiff has suffered

8

and continues to suffer substantial loss of past and future earnings and other employment benefits.

49. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

50. As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

51. Defendant discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

## **SECOND CLAIM FOR RELIEF**
## **(DISCRIMINATION – NYSHRL)**

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Based on the foregoing, Defendant discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's disability and/or perceived disability, in violation of the NYSHRL.

54. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

55. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

56. As a proximate result of the discrimination described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

57. Defendant discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

### THIRD CLAIM FOR RELIEF
### (RETALIATION -- ADA)

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

59. Defendant was aware that Plaintiff's engaged in protected activity under the ADA.

60. Based on the foregoing, Defendant retaliated against Plaintiff in the terms and conditions of his employment because Plaintiff engaged in protected activity, in violation of the ADA.

61. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

62. As a proximate result of the retaliation described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, in an amount to be determined at trial.

63. As a proximate result of the retaliation described herein, Plaintiff is entitled to an award of attorneys' fees, costs of this action and interest as permitted by law.

64. Defendant retaliated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF
### (NYLL § 191: FREQUENCY OF PAYMENT)

65. Plaintiff and Class Members repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. From six years prior to the commencement of this action until the present, Plaintiff and Class Members were employed as manual workers, as defined by the NYLL.

67. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

68. From six years prior to the commencement of this action until the present, Defendant failed to pay Plaintiff and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

69. Defendant's violations of the NYLL have been willful and intentional.

70. Due to Defendant's violations of the NYLL, Plaintiff and Class Members are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## DEMAND FOR JURY TRIAL

71. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and Class Members demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and Class Members pray for the following relief:

i. Issuing an order restraining Defendant from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the ADA, NYSHRL and NYLL, and their supporting regulations;

iii. Awarding damages for, *inter alia*, compensatory damages for back pay, front pay, all benefits to which Plaintiff would have been entitled to receive but for Defendant's unlawful conduct, damages for emotional distress, pain and suffering, and other incidental and consequential damages;

iv. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

v. Designating Plaintiff as class representative and counsel of record as Class Counsel;

vi. Awarding damages pursuant to NYLL § 191;

vii. Punitive damages as permitted by law;

viii. Pre- and post-judgment interest as permitted by law;

ix. All attorneys' fees incurred in prosecuting these claims;

x. All costs incurred in prosecuting these claims; and

xi. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
September 18, 2020

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.